UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHARLES KUPFER,
                    PLAINTIFF,

    V.                                      CIVIL ACTION #

FEDERAL REPUBLIC OF GERMANY;
NORDDEUTSCHE LANDESBANK
    GIROZENTRALE HANNOVER a/k/a
    NORDDEUTSCHE LANDESBANK
    GIROZENTRALE NEW YORK BRANCH;
HSH NORDBANK AG a/k/a
    HSH NORDBANK AG NEW YORK BRANCH;
WESTLB AG, DUESSELDORF a/k/a
    WESTLB AG NEW YORK BRANCH;
HELABA LANDESBANK HESSEN- THUERINGEN
    FRANKFURT AM MAIN a/k/a
    HELABA LANDESBANK HESSEN-                          COMPLAINT
    THUERINGEN NEW YORK BRANCH; and
LBBW LANDESBANK BADEN-WUERTTEMBERG
    STUTTGART a/k/a LBBW NIEDERLASSUNG
    NEW YORK BRANCH,
                    DEFENDANTS.
----------------------------------------------------------------X

07 CIV 8589


RECEIVED
OCT 03 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff by his attorney, for his Complaint against Defendants states the following:

### INTRODUCTION

This action is brought by US citizens to recover from Defendant Germany and the named Defendant German Banks the outstanding and unpaid principal and interest on certain bearer bonds in their possession issued by certain German provincial and communal banks, or by Defendant Germany and including the named Defendant German Banks, and as related to Plaintiff's claims, the obligations to pay The Bonds were guaranteed, succeeded to, and assumed by Defendant Germany and its provincial and federal governments as well as and/or including Defendant German Banks.

1

## THE PARTIES

1) Plaintiff Charles Kupfer ("KUPFER") is a resident of New York State and is the holder and owner of Certain bearer bonds, entitled German Provincial & Communal Bank Consolidated Agricultural Loan US$1000 Secured Sinking Fund Gold Bonds Series A 6-1/2% -- Due June 1958 ('Bonds").

2) Defendant Germany (hereinafter "GERMANY") is a foreign state as defined in the Foreign Sovereign Immunities Act, 28 U.S.C. §1603(a). Germany has a place of business located at Federal Ministry of Finance, Wilhelmstrasse 97, 10117 Berlin, Germany. Germany is the legal successor to the German Reich, the State of Prussia ("Prussia"), and the German Democratic Republic ("East Germany").

3) Norddeutsche Landesbank Girozentrale Hannover (hereinafter "NORD LANDESBANK") is a German Bank which does business in New York as Norddeutsche Landesbank Girozentrale New York, located at 1114 Avenue of the Americas, 37th Floor New York, NY 10036, with Tel. # (212) 398 7300, Fax # (212) 812 6860 and internet website for its business in New York http://www.nordlbnewyork.com

4) HSH Nordbank AG, Kiel (hereinfter "HSN BANK") is a German Bank which does business in New York as HSH Nordbank AG New York located at 230 Park Avenue, New York, NY 10169-0005 with Tel # (212) 407-6000, Fax # (212) 407-6011 and internet website for its business in New York info-ny@hsh-nordbank.com

5) WestLB AG, Duesseldorf. (hereinafter "WESTL BANK") is a German Bank which does business in New York as WestLB AG New York located at 1211 Avenue of the Americas New York, NY 10036 with Tel. (212) 852-6000, Fax # (212) 852 6300 and internet website for its business in New York as http://www.westlb.com.

6) Helaba Landesbank Hessen- Thueringen, Frankfurt am Main (hereinafter "HELABA") is a

2

German Bank which does business in New York as Helaba Landesbank Hessen- Thueringen New York, 420 Fifth Avenue, New York, N. Y. 10018, with Tel. # (212) 703-5200 and Fax # (212) 703-5256

7) LBBW Landesbank Baden-Wuerttemberg, Stuttgart, (hereinafter "LBBW LANDESBANK") is a German Bank which does business in the New York as LBBW Niederlassung New York, LBBW New York located at 280 Park Avenue, 31st Floor, West Building, New York, New York 10017, with Tel # (212) 584-1700, Fax # (212) 584-1799 and internet website for its New York business at http://www.LBBW@LBBWus.com.

8) Defendants NORD LANDESBANK, HSN BANK, WESTL BANK, HELABA and LBBW LANDESBANK shall be referred to hereinafter collectively as Defendant GERMAN BANKS.

9) Defendant GERMAN BANKS are owned in whole or in part and/or controlled by Defendant GERMANY or one of its states and/or municipalities.

## JURISDICTION and VENUE

10) This Court has jurisdiction over this matter pursuant to 28 U.S.C.§ 1330 because this action is brought against a foreign state and pursuant to 28 U.S.C.§ 1331 because this action arises under the Constitution, laws, or treaties of the United States.

11) The Court has jurisdiction over Defendant GERMANY and Defendant GERMAN BANKS pursuant to 28 USC § 1605(a)(2) because Plaintiff's claim is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States; and pursuant to 28 USC § 1605(a)(3) because Plaintiffs claims are for

3

property taken in violation of international law and Plaintiffs property has been used and/or exchanged for assets which are otherwise present in the United States in connection with the commercial activity in the United States of Defendant GERMANY and/or Defendant GERMAN BANKS; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of Defendant GERMANY and/or Defendant GERMAN BANKS which are engaged in a ongoing commercial activity in the United States; and pursuant to 28 USC § 1605(a)(4) because Plaintiffs claims are for property in the United States acquired by succession or gift or rights which Defendant GERMANY and Defendant GERMAN BANKS acquired through the wrongful and/or unlawful use of Plaintiffs property; and pursuant to 28 USC § 1605(a)(5) because Plaintiffs claims against Defendant GERMANY and Defendant GERMAN BANKS are for damage to or loss of Plaintiffs property in the United States which was caused by tortious acts or omissions of Defendant GERMANY and Defendant GERMAN BANKS.

12) The Court has general and specific jurisdiction over Defendant GERMANY and Defendant GERMAN BANKS pursuant to CPLR 301 and 302 (a) (1), (2) and (3).

13) Venue is appropriate in this district pursuant to 28 USC§1391(a),(b),(c) and (d) because the Plaintiff resides in this Circuit[1], because the action is against a foreign state, because the Defendants conduct business in New York and because a substantial part of the events or omissions giving rise to the claims occurred within this district.

---

[1] Plaintiff resides within the 2nd Circuit, in Valley Stream, NY, in the Eastern District of New York, which is Plaintiff's chosen forum. However, the case of Mortimer Off Shore v. Federal Republic of Germany 05-CV- 10669 (GEL) was filed and has been pending in this District since December 2005. This case involves the same defendant, the same facts and same legal principles. In view of the "well-settled principle" in this circuit that the first-filed case would takes priority in forum and venue considerations. See First City Nat. Bank and Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989); William Gluckin & Co. v. Int'l Playtex Corp., 407 F.2d 177, 178 (2d Cir. 1969). To avoid unnecessary and wasteful Motion practice,

4

## TIMELINESS and EQUITABLE TOLLING OF STATUTE OF LIMITATIONS

14) Plaintiff claims have been brought in a timely fashion, pursuant to all statutes of limitations that apply to each of Plaintiffs' below listed Counts and/or causes of action.

15) Defendant GERMANY and Defendant GERMAN BANKS delayed, stalled and concealed documents and evidence from and/or otherwise misled Plaintiff KUPFER.

16) During the period from the 1950s through to the present, Plaintiff took all reasonable steps to obtain the information and documents necessary to prove his claims however Defendant GERMANY and Defendants GERMAN BANKS made misrepresentations that were designed to mislead Plaintiff and to interfere with his ability to make his claims.

17) Despite Plaintiff's proper demands, Defendants GERMANY and Defendant GERMAN BANKS concealed from Plaintiff all documents related to their relationship, contract and obligations to Plaintiff related to the bearer bonds and the wrongful taking and/or expropriation of his property.

## FACTUAL BACKGROUND

18) The Bonds are entitled "German Provincial and Communal Banks Consolidated Agricultural Loan" (hereinafter "The Bonds") were issued on or about June 1, 1928. The Bonds were payable in Manhattan, New York City. The Bonds were listed and sold on the New York Stock Exchange and in this judicial district.

19) The Bonds were issued as part of a German national program for improving agricultural conditions. Fourteen provincial and communal banks participated in the operation of contracting for the loans underlying the issuance of The Bonds and re-lending the proceeds to farmers.

20)   The Bonds had a 30-year term and interest coupons providing for interest payments

at the rate of 6 1/2% per annum due on June 1 and December 1 of each year. Both principal and interest were payable in Manhattan.

21) The Bonds are the obligations of Defendant GERMANY and Defendant GERMAN BANKS directly, or as guarantors or as successors.

22) At the time of issuance of The Bonds, each German provincial and communal bank was owned in whole or in part by a German province and each province was legally responsible for all obligations of its bank. The former State of Prussia guaranteed certain obligations of Defendant GERMAN BANKS and/or its predecessors.

23) In 1933, the then German government issued a moratorium on payment under The Bonds. After World War II, Germany entered into an agreement with the Allied High Commission in which it assumed liability for the pre-war external debt of the German Reich. Defendant GERMANY guaranteed, succeeded to, and/or assumed the outstanding and unpaid obligations under The Bonds, including, but not limited to guarantees of the State of Prussia,

24) As a result, Defendant GERMANY and Defendant GERMAN BANKS are liable for the outstanding and unpaid principal and interest under The Bonds.

25) The Bonds are bearer instruments that entitle the holder to payment upon demand.

26) Plaintiff KUPFER's mother acquired The Bonds in 1942 and The Bonds have been in the custody, possession and/or control of Plaintiff KUPFER and his family continuously since 1942.

27) Plaintiff KUPFER owns 28 Bonds with Serial Number and/or Certificate Numbers 11577-79, 14074 – 14076, 16321-39 and 20572-75. *A copy of one of The Bonds is attached hereto as Exhibit 1.*

28) The Bonds have not been canceled, perforated, voided, or otherwise modified.

29) Each Bond has a $1000 face amount that, under the gold clause in each Bond, represents the equivalent value in gold coin of the United States existing on June 1, 1928. Interest amounts are

6

also payable in the equivalent value in gold coin of the United States existing on June 1, 1928.

30) The Bonds contain coupons from December 1941 though maturity on June 1, 1958.

31) The total outstanding and unpaid principal and interest under The Bonds held by Plaintiff KUPFER is currently estimated to exceed $50,000,0000 and continues to increase.

32) Demand has been made for payment of the outstanding unpaid principal and interest under The Bonds, and payment has been refused.

33) When demand was made, in an effort to avoid their contractual obligations, Defendant GERMANY and Defendant GERMAN BANK sent or caused material misrepresentations and in some instances outright lies to be made to Plaintiff KUPFER through which Defendant GERMANY and Defendant GERMAN BANKS stated that they were not obligated to pay on the Plaintiff KUPFER's bonds because they were allegedly stolen from the Reichsbank in Berlin in 1944/5 at the end of World War II.

34) At the time, Defendant GERMANY and Defendant GERMAN BANKS made such statements they knew or should have known that the statements were false because Plaintiff KUPFER's bonds had been in the United States since 1941.

35) Through its/their actions and agreements, Defendant GERMANY and Defendant GERMAN BANKS have repeatedly tolled and revived the applicable statute of limitations period for enforcing The Bonds.

36) These actions and agreements include, but are not limited to, statements, at least as recently as February 1994, acknowledging and confirming Defendant GERMANY's and Defendant GERMAN BANKS' payment obligations under The Bonds renewing the twenty year statute of limitations applicable to the enforcement of bonds through February 2014

### FIRST COUNT – Breach of Contract Related to Bond

37) Plaintiff repeats and incorporates the allegations of ¶¶ 18 to 36 as if fully set forth herein.

7

38) Plaintiff KUPFER is the lawful owner of The Bonds, which are valid and remain unpaid.

39) Defendant GERMANY and Defendant GERMAN BANKS are the borrower, guarantors and/or successors in interest to The Bonds.

40) In or about 1994, Defendant GERMANY and Defendant GERMAN BANKS, reaffirmed their obligations to pay on The Bonds.

41) As recently as 1999, Defendant GERMANY and Defendant GERMAN BANKS refused to honor Plaintiff KUPFER's demands for payment on The Bonds.

42) Defendant GERMANY and Defendant GERMAN BANKS are obligated to pay for The Bonds.

43) Defendant GERMANY and Defendant GERMAN BANKS failure to pay for The Bonds constitutes a breach and/or default in its obligation to pay Plaintiff KUPFER.

44) Plaintiff has made demand for payment under The Bonds, and the demand has been refused.

45) As a direct and proximate result of Defendant GERMANY and Defendant GERMAN BANKS breach of contract, Plaintiff KUPFER has suffered monetary and other damages.

**WHEREFORE,** Plaintiff KUPFER demands judgment against Defendant GERMANY and Defendant GERMAN BANKS, jointly severally and/or in the alternative, for (i) judgment in the full amount of all outstanding and unpaid principal and interest due on The Bonds in equivalent value of gold coin of the United States existing on June 1, 1928 in a total amount to be proven at trial but currently estimated to exceed $50,000,000.00; (ii) Attorneys fees, interest, costs of this action; and (iii) for such other and further relief as this Court deems just and proper.

### SECOND COUNT – Unlawful Taking and/or Expropriation of Property

46) Plaintiff repeats and incorporates the allegations ¶¶ 18 to 36 as if fully set forth herein.

47) Plaintiff KUPFER is the lawful owner of The Bonds that remain valid and unpaid.

48) Defendant GERMANY and Defendant GERMAN BANKS knew that Plaintiff KUPFER is/was the lawful and rightful owner of The Bonds.

49) At all times relevant hereto, Defendant GERMANY and Defendant GERMAN BANKS had a duty to protect and refrain from taking or expropriating Plaintiff KUPFER's property – The Bonds.

50) At all times relevant hereto, Defendant GERMANY and Defendant GERMAN BANKS breached their aforesaid duties by taking or expropriating Plaintiff KUPFER's property – The Bonds.

51) At all times relevant hereto, Defendant GERMANY and DEFENDANT GERMAN BANKS breach of their aforesaid duties was in violation of US laws, international law, treaties and *jus cogens* related to unlawful taking and expropriation of Plaintiffs' property and violation of Plaintiffs' rights.

52) As a direct and proximate result of Defendant GERMANY's and Defendant GERMAN BANKS' aforesaid breach, Plaintiff KUPFER suffered monetary and other damages.

**WHEREFORE,** Plaintiff KUPFER demands judgment against Defendant GERMANY and Defendant GERMAN BANKS, jointly severally and/or in the alternative, for (i) judgment in the full amount of all outstanding and unpaid principal and interest due on The Bonds in equivalent value of gold coin of the United States existing on June 1, 1928 in a total amount to be proven at trial but currently estimated to exceed $50,000,000.00; (ii) Attorneys fees, interest costs of this action; and (iii) for such other and further relief as this Court deems just and proper

### THIRD COUNT - Taking Property In Violation of Treaty / International Law Obligations

53) Plaintiff repeats and incorporates the allegations in ¶¶ 18 - 36 as if fully set forth herein.

54) Plaintiff KUPFER is the lawful owner of The Bonds, which remain valid and unpaid.

55) Defendant GERMANY and Defendant GERMAN BANKS knew that Plaintiff KUPFER and others

9

like him owned The Bonds.

56) At all times relevant hereto, Defendant GERMANY and Defendant GERMAN BANKS entered into various treaties after World War II and/or were otherwise obligated under principals of US laws, international law, treaties and *jus cogens* – that were designed and/or intended to protect against taking or expropriating of Plaintiff KUPFER's property – The Bonds.

57) At all times relevant hereto, Defendant GERMANY and Defendant GERMAN BANKS breached their aforesaid duties, pursuant to US laws, international law, treaties and *jus cogens*, by the taking or expropriation of Plaintiff KUPFER's property – The Bonds.

58) At all times relevant hereto, Defendant GERMANY and DEFENDANT GERMAN BANKS breach of their aforesaid duties pursuant to US laws, international law, treaties and *jus cogens* was unlawful and committed violation of Plaintiff KUPFER's rights.

59) As a direct and proximate result of Defendant GERMANY's and Defendant GERMAN BANKS' aforesaid breach, Plaintiff KUPFER suffered monetary and other damages.

**WHEREFORE,** Plaintiff KUPFER demands judgment against Defendant GERMANY and Defendant GERMAN BANKS, jointly severally and/or in the alternative, for (i) judgment in the full amount of all outstanding and unpaid principal and interest due on The Bonds in equivalent value of gold coin of the United States existing on June 1, 1928 in a total amount to be proven at trial but currently estimated to exceed $50,000,000.00; (ii) Attorneys fees, interest costs of this action; and (iii) for such other and further relief as this Court deems just and proper .

## FOURTH COUNT - False and/or Deceptive Marketing & Injunctive Relief

60) Plaintiff repeats and incorporates the allegations of ¶¶ 18 to 36 as if fully set forth herein.

61) Plaintiff KUPFER is the lawful owner of The Bonds, which remain valid and unpaid.

62) Defendant GERMANY and Defendant GERMAN BANKS are actively engaged in the marketing and/or sales of bonds and other securities in the United States and in NY.

63) Defendant GERMANY and Defendant GERMAN BANKS have an outstanding obligation that is currently estimated in the hundreds of millions if not billions of dollars related to The Bonds for which Plaintiff KUPFER is making these claims, as well as other Bonds which remain due and owing.

64) Defendant GERMANY and Defendant GERMAN BANKS have an obligation to fully disclose the extent of their debt and payment obligations to New Yorkers, such as Plaintiff KUPFER and others for the Agricultural and other Bonds.

65) Defendant GERMANY and Defendant GERMAN BANKS sought to avoid disclosing the extent of debt and payment obligations to Plaintiff KUPFER and others for the Agricultural and other Bonds.

66) Defendant GERMANY and Defendant GERMAN BANKS failed and/or refused to disclose the extent of debt and payment obligations for Agricultural and other Bonds.

67), Defendant GERMANY's and Defendant GERMAN BANKS' failure and/or refusal to disclose the true extent of their debt and payment obligations to New Yorkers is and was designed to allow them to achieve an economic advantage related to their ability to sell and/or market bonds and other securities and/or their general net worth and ability to conduct business in the United States over other banks and/or financial institutions.

68) Defendant GERMANY and Defendant GERMAN BANKS' failure and/or refusal to disclose the extent of their debt and payment obligations to New Yorkers, such as Plaintiff KUPFER and others for the Agricultural and other Bonds, Defendant GERMANY and Defendant GERMAN BANKS constitutes deceptive and/or false advertising and/or marketing practices in violation of New York, General Business Law §§ 349 and 350.

69) As a direct and proximate result of Defendant GERMANY's and Defendant GERMAN BANKS' violation of New York General Business Law §§ 349 and 350, Plaintiff KUPFER and other New Yorkers are affected and at risk of suffering future losses for which injunctive relief is appropriate

**WHEREFORE,** Plaintiff KUPFER demands judgment against Defendant GERMANY and Defendant GERMAN BANKS, jointly severally and/or in the alternative, for (i) injunction of Defendant GERMANY and Defendant GERMAN BANKS from future marketing and/or sales of Bonds or Securities in and/or through New York until they have made full disclosure of and honored their obligations to Plaintiff KUPFER and other bondholders similarly situated; (ii) Attorneys fees, interest costs of this action; and (iii) for such other and further relief as this Court deems just and proper.

DATED:    September __ 2007            By: /s/ Edward D. Fagan
          New York, NY                 Edward D. Fagan Esq (EF-4125)
                                       Five Penn Plaza, 23rd Floor
                                       New York, NY 10001
                                       Tel (646) 378-2225
                                       Fax (646) 417-5558
                                       Email: faganlawintl@aim.com
                                       Plaintiffs' Counsel