Jeffrey Harris, JH 2121
Max Riederer von Paar
Rubin, Winston, Diercks, Harris & Cooke, LLP
Sixth Floor
1155 Connecticut Ave., N.W.
Washington, DC 20036
(202) 861-0870

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Charles Kupfer** : | |
| : | |
| **Plaintiff,** : | |
| : | Case No.  07 CV 8589 (PAC) |
| v. : | |
| : | (Electronically Filed) |
| The Federal Republic of Germany, et. al : | |
| : | |
| **Defendants.** : | |

**DEFENDANT BANKS' MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO DISMISS THE AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM
<u>UPON WHICH RELIEF CAN BE GRANTED</u>**

Dated: June 4, 2009

Jeffrey Harris, Esq. JH2121
Max Riederer von Paar
RUBIN, WINSTON, DIERCKS, HARRIS &
   COOKE, LLP
Sixth Floor, 1155 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 861-0870

Attorneys for Defendant Banks

Table of Contents

Preliminary Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Facts Alleged in the Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.     ALL OF PLAINTIFF'S CLAIMS ARE TIME BARRED . . . . . . . . . . . . . . . . . . . . . . . . 3

          A.     The Applicable Statutes Of Limitations Have Expired . . . . . . . . . . . . . . . . . . . . . 3

          B.     Count One: Breach of Contract . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

          C.     Count Two: Unlawful Taking and/or Expropriation of Property . . . . . . . . . . . . . 5

          D.     Count Three: Taking of Property in Violation
                of Treaty/International Law Obligations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

          E.     Count Four: False and/or Deceptive Marketing & Injunctive Relief . . . . . . . . . . 7

          F.     Count Five: Fraud Misrepresentation and Fraudulent Concealment . . . . . . . . . . 7

          G.     Count Six: Declaratory Judgment Based Upon Treaty Violation . . . . . . . . . . . . 8

II.    COUNTS TWO THROUGH SIX SHOULD BE DISMISSED FOR FAILURE
       TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED . . . . . . . . . . . . . 9

          A.     Counts Two and Three fail to State a Claim Upon
                Which Relief Can Be Granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

          B.     Count Four alleging a violation of the New York General Business Law
                must be dismissed as it fails to allege that the Plaintiff was deceived
                and injured . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

          C.     Count Five alleging Fraud, Misrepresentation and Fraudulent
                Concealment is simply a breach of contract claim recast as a
                fraud claim and must be dismissed as it fails to state a claim for
                which relief can be granted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    D.      Count Six alleging violations by Defendant Banks for violations of the London Debt Accord must be dismissed because the London Debt Accord does not confer a private right of action against the Banks . . . . . . 15

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Norddeutsche Landesbank Girozentrale, HSH Nordbank AG, West LB AG, Landesbank Hessen-Thüringen Girozentrale (Helaba), and LBBW Landesbank Baden-Württemberg (hereinafter "Defendant Banks"), by counsel, Rubin, Winston, Diercks, Harris and Cooke, LLP, submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted.[1]

## Preliminary Facts

Plaintiff Charles Kupfer filed a six count Amended Complaint against the Defendant Banks and the Federal Republic of Germany on May 10, 2009. Plaintiff had previously served the summons and original complaint on the Defendant Banks on or about May 16, 2008.

The Amended Complaint contains six counts. Count One is denominated as "Breach of Contract Related to Bond." Count Two is denominated as "Unlawful Taking and/or Expropriation of Property." Count Three is denominated as "Taking of Property in Violation of Treaty/International Law Obligations." Count Four is denominated as "False and/or Deceptive Marketing & Injunctive Relief." Count Five is denominated as "Fraud, Misrepresentation and Fraudulent Concealment." Count Six is denominated as "Declaratory Judgment Based Upon Treaty Violation."

## Facts Alleged in the Complaint

Plaintiff alleges that since 1942 his family has been in continuous possession of 28 bearer bonds that were issued in 1928 by a consortium of German state-owned banks to support agricultural development in Germany. (Amended Comp. ¶¶ 45, 65, 66 and 67). The Amended

---

[1] Plaintiff has not served the defendants The Federal Republic of Germany, Dekabank Deutsche Gironzentrale and Deutsche Landesbankzentrale and, hence, no response to the Amended Complaint is required at this time for these defendants.

Complaint alleges that these bonds had a maturity date 30 years after issue and had coupons attached which were payable every six months at a brokerage firm in New York, New York. (Amended Comp. ¶ 47). The Amended Complaint alleges that in 1933 Germany placed a moratorium on the payment of these bonds which lasted until after World War II, at which time Germany allegedly agreed to assume the obligations to pay these bonds pursuant to an agreement it entered into with the Allied High Commission. (Amended Comp. ¶ 52).

With regard to the Defendant Banks, Plaintiff alleges the legal conclusion that "The bonds are the obligation of the Defendant Germany and Defendant German Banks directly, or as guarantors or as successors."[2] (Comp. ¶ 21). Plaintiff further alleges that the Defendant Banks are liable to pay the outstanding principal and interest due on the bonds. (Amended Comp. ¶ 63).

Plaintiff alleges that after World War II a conference was convened in London between Germany and the Allies to settle payment of Germany's foreign debt. The agreement that resulted from this conference is known as the London Debt Accord. (Amended Comp. ¶¶ 20-21). Plaintiff further alleges that, as a condition precedent to payment of the Bonds, the Bonds had to be "validated." However, Plaintiff alleges that because he did not agree to the terms of the London Debt Accord he was not required to first validate his Bonds. (Amended Comp. ¶¶ 32-34). In November 1978 Plaintiff made a demand payment on the Bonds from the agent for the Defendant Banks. (Amended Comp. ¶ 77). In December 1978 the agent for the Defendant Banks replied refusing payment on the Bonds. (Amended Comp. ¶ 77). Plaintiff demanded

---

[2] Defendant Banks do not concede that they are, in fact, the legal successors to the banks that Plaintiff alleges are obligated to make payment on the Bonds. However it is not appropriate to argue this issue in a motion to dismiss pursuant to Rule 12 b (6) and hence, Defendant Banks reserve this issue for a later date.

payment again in January 1979 in a letter to the Defendant Germany which responded that the Bonds were invalid. (Amended Comp. ¶ 78). Plaintiff Kupfer thereafter did not file suit to enforce his alleged right to payment until over fifty years after the Bonds matured (1958) and over 30 years after his demand for payment (1978).

## Argument

I.     ALL OF PLAINTIFF'S CLAIMS ARE TIME BARRED

    A.     The Applicable Statutes Of Limitations Have Expired

Although the running of the statute of limitations is an affirmative defense, dismissal is appropriate when a plaintiff pleads himself out of court by alleging facts that are sufficient to establish the defense. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim . . . ."); *Levine v. AtriCure, Inc.*, 594 F. Supp. 2d 471, 475 (S.D.N.Y. 2009); *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 259 (S.D.N.Y. 2008) . That is the case here.

Plaintiff alleges that venue in this district is proper because the Defendant Banks are located in New York. (Amended Comp. ¶ 15). Plaintiff alleges that he is a resident of New York State. (Amended Comp. ¶ 1). The Bonds that Plaintiff alleges he owns are payable in "Manhattan, New York City." (Amended Comp. ¶ 45). As such, a breach of contract action based upon non-payment of the Bonds is governed by New York law.

In New York, the limitations period generally begins to run when the relevant cause of action accrues. *Aetna Life & Cas. Co. v. Nelson*, 67 N.Y.2d 169, 175, 501 N.Y.S.2d 313, 316, 492 N.E.2d 386 (1986); *see* N.Y. Civ. Prac. L. & R. 203(a) ("the time within which an action must be commenced . . . shall be computed from the time the cause of action accrued"). C.P.L.R.

§ 203(a).

### B.     Count One: Breach of Contract

The statute of limitations for a breach of contract action in New York is six years. *See, R.M. Kliment & Frances Halsband, Architects v. McKinsey & Co.*, 3 N.Y.3d 538; 821 N.E.2d 952; 788 N.Y.S.2d 648 (2004). "A cause of action for breach of contract ordinarily accrues and the limitations period begins to run upon breach." *Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007), *citing, Ely-Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 615 N.E.2d 985, 986, 599 N.Y.S.2d 501 (N.Y. 1993). "The plaintiff need not be aware of the breach or wrong to start the period running." *Id.* Since Plaintiff's cause of action arose when the Bonds matured in 1958 and payment was not made (when the Defendant Banks allegedly breached) or at the latest when the Defendant Banks' agent informed Plaintiff in 1978 that payment would not be forthcoming, Plaintiff's breach of contract action is time barred and must be dismissed.

New York law does have two statute of limitations for causes of action related to bonds. However neither is applicable here. N.Y. Civ. Prac. L. & R. 211(a) provides a 20 year period of limitation to recover on a bond.[3] However that limitation period applies to bonds that are secured ONLY by a pledge of the full faith and credit of the issuer. In the instant case Plaintiff has pled that his bonds are secured by a long list of guarantors. (Amended Comp. ¶ 50). As such, the 20 year statute of limitations is not applicable. N.Y. Civ. Prac. L. & R. 213 (4) also relates specifically to actions on bonds and provides a six year limitation period for bonds

---

[3] "An action to recover principal or interest upon a written instrument evidencing an indebtedness of the state of New York or of any person, association or public or private corporation … secured only by a pledge of the faith and credit of the issuer, regardless of whether a sinking fund is or may be established for its redemption, must be commenced within twenty years after the cause of action accrues." N.Y. Civ. Prac. L. & R. 211(a)

4

secured by a mortgage upon real property. Since these bonds are not so secured this limitation is inapplicable to Plaintiff's claim. Where neither of these bond specific limitation periods apply "the cow-catcher six-year period obtains ." *Vigilant Ins. Co. of Am. v. Hous. Auth.*, 87 N.Y.2d 36, 42 (1995).

Two concluding thoughts are in order. It is clear that, even if the longest possible limitation period of 20 years was applicable, Plaintiff's claim which accrued in 1958 and, certainly no later than 1978, is long since time barred. Second, the applicable six year limitation period has also time barred Plaintiff's breach of contract claim. Hence using any analysis Plaintiff's contract claim is time barred.

### C. Count Two: Unlawful Taking and/or Expropriation of Property

In this Count Plaintiff alleges that Defendant Banks expropriated Plaintiff's property. In essence Plaintiff claims that Defendant Banks took his property (*i.e.* either the Bonds themselves or the money payable under the Bonds). In either event the limitation period for such a claim under New York law is three years. *Vigilant Ins. Co. of Am. v. Hous. Auth.*, at 44. ("For Statute of Limitations purposes, an action for conversion as well as an action for damages for the taking of a chattel are subject to a three-year limitation period (see, CPLR 214 [3])"). Such a cause of action accrues from the date of conversion. *Id.* In this case that date can be no later than 1978 when the agent for the Defendant Banks allegedly wrote to Plaintiff and informed him that payment would not be forthcoming on the Bonds.

### D. Count Three: Taking of Property in Violation of Treaty/International Law Obligations

This count fails to identify any treaty or international law that creates the cause of action that plaintiff alleges in this count. However, it is well settled that, although international law

5

does not contain an explicit limitations period, such claims lapse through the passage of time.[4] Where a federal action contains no statute of limitations, it is the standard practice to borrow the statute of limitations applicable to the most analogous cause of action under the law of the state in which the federal court sits. *See*, *e.g.*, *North Star Steel Co. v. Thomas*, 515 U.S. 29, 34, 115 S.Ct. 1927, 1930 (1995) ("Since 1830, state statutes have repeatedly supplied the periods of limitation for federal causes of action when federal legislation made no provision ….") (internal citations omitted); 19 Charles A. Wright, *et al., Fed. Prac. & Proc*. § 4519, at 595 (1996). Under that rule, Plaintiff's international law claims are long-since barred regardless of which analogous New York limitations period is applied.[5]

Even if a statute of limitations derived from federal law is considered to be more fitting for Plaintiff's international law claims, they remain time-barred. There is no federal statute with a limitations period longer than the ten years established by, for example, the Torture Victims Protection Act (TVPA). *See* 28 U.S.C § 1350, note, § 2(c).

---

[4] Courts consistently have recognized that claims premised on alleged violations of international law are subject to statutes of limitations. *See, e.g., Sampson v. Fed. Rep. Of Germany*, 975 F. Supp. 1108 (N.D. Ill. 1997) (claim for compensation for illegal imprisonment in Nazi concentration camp barred by statute of limitations); *In re African-Am. Slave Descendants Litig.,* 304 F. Supp. 2d 1027, 1074-75 (N.D. Ill. 2004) (claims for reparations on behalf of former slaves were time-barred, noting that "statutes of limitation serve to promote justice for litigants which cannot be disregarded out of vague sympathy for plaintiffs and their claims"); *Forti v. Suarez-Mason,* 672 F. Supp. 1531 (N.D. Cal. 1987) (applying California statute of limitations to civil claims against a former Argentine general for alleged acts of torture, murder and prolonged detention); *Iwanowa v. Ford Motor Co.,* 67 F. Supp. 2d 424, 462 (D. N.J. 1999) (WW II-era forced labor claims dismissed as untimely). In addition, Plaintiff does not show how such international law norms would be applicable here, including why they would be binding upon these private bank defendants (rather than states and other public international entities) would apply in a United States court.

[5] *See*, *e.g.*, *Handel v. Artukovic*, 601 F. Supp. 1421, 1431 (C.D. Cal. 1985) (dismissing plaintiff's international law claims as time-barred because the parties have not brought to the Court's attention any civil statute of limitations, either in domestic law or in an international forum, that comes close to the [number of years] involved here.)

6

### E. Count Four: False and/or Deceptive Marketing & Injunctive Relief

In this count Plaintiff claims that Defendant Banks violated New York General Business Law ¶¶ 349 and 350 (deceptive practices and false advertising) in that they failed to disclose the true extent of their debt obligations to New Yorkers. (Amended Comp. ¶¶ 119-120). Plaintiff's Bonds were marketed in New York in 1928. The statute of limitations for claims under the New York Business Law is 3 years. As such, Plaintiff's claims in Count Four are time barred. *See, Gaidon v. Guardian Life Ins. Co. of Am.*, 96 N.Y.2d 201 (2001).[6]

### F. Count Five: Fraud Misrepresentation and Fraudulent Concealment

The CPLR provides a limitation period of six years for fraud. N.Y. Civ. Prac. L. & R. 213 (8). It also provides that an action may be commenced within two years of the discovery of a fraud or two years from when the fraud could with reasonable diligence have been discovered. *Id.* In this count Plaintiff alleges that he was fraudulently deceived because (i) he was told that his bonds were on the list of stolen bonds and (ii) that he was not provided with several documents related to the purchase and redemption of the bonds. (Amended Comp. ¶ 128).

"Under New York law the [Plaintiff] bears the burden of proof to demonstrate that an exception to the statute of limitations applies to his case. *Katz v. Goodyear Tire & Rubber Co.*, 737 F.2d 238, 243 n.4 (2d Cir. 1984)." *Harmon v. Patrolman's Benevolent Ass'n*, 199 Fed. Appx. 46, 48 (2d Cir. N.Y. 2006). Here there is no explanation why Plaintiff could not have filed this action in the past thirty-one years, even though by Plaintiff's own admission, he was aware of the alleged claims no later than 1978. (Amended Comp. ¶¶ 77-78). Hence, it is beyond argument that Plaintiff's cause of action for fraud accrued more than six years before he filed

---

[6] To the extent that Plaintiff is alleging that Defendant Banks have a current obligation to disclose their "debt to New Yorkers" he does not have standing to bring this claim under the New York Business law or under federal jurisprudence, as he is not injured. See, infra at II.B.

this lawsuit. That fact is apparent on the face of the Amended Complaint since Plaintiff alleges that the bonds matured in 1958 and that he was in informed his bonds wouldn't be honored in 1978. As to question of when Plaintiff fraud could with reasonable diligence have discovered that the statement that his bonds were on the list of stolen bonds was false, the Amended Complaint answers that question. Plaintiff alleges that his mother acquired the bonds in 1942 and they have been continuously in his family's possession since that time. (Amended Comp. ¶ 65). Hence Plaintiff had to know of the falsity of any statement that his bonds were on the list of stolen bonds.

Plaintiff also alleges that Defendant Banks concealed documents related to the bonds from him and that therefore he was unaware of and could not with reasonable diligence discovered his injury. However the Amended Complaint makes abundantly clear that Plaintiff knew of his injury in 1978 when he was informed by the agent for Defendant Banks that his request for payment on his bonds would not be honored.

### G. Count Six: Declaratory Judgment Based Upon Treaty Violation

The CPLR does not provide a limitation period for declaratory judgment actions. *Solnick v. Whalen*, 49 N.Y.2d 224 (1980). Courts should look to and apply the statute of limitations applicable to the underlying claim and the relief sought. *Id.* At 229. Applied to this count, the pleading appears to suggest that the underlying claim is fraud based. However it could be argued that the underlying claim is contract based. Hence, giving the Plaintiff the benefit of the doubt, the limitation period for this count is either (i) the six year limitation period for written contract actions or (ii) the six year limitation period for fraud or the two years from discovery of the fraud or could with reasonable diligence have discovered it. whichever is longer. N.Y. Civ. Prac. L. & R. 213. As set out above, there can be no question that more than six years has

8

elapsed since Plaintiff's cause of action accrued either in 1958 or 1978 and is time barred. The two years from discovery of fraud limitation period has also long expired. Plaintiff claims he learned that his bonds would not be honored in 1978. In the intervening 31 years he apparently made no further effort determine why his bonds were not to be paid. In addition the alleged fraud is that the Defendant Banks misrepresented the contents of a "Treaty" namely Article 25 of the London Debt Accord, which is a public document. (Amended Comp. ¶¶28, 31). Plaintiff certainly could have obtained a copy of this document and determined for himself what it said.

## II. Counts Two Through Six Should Be Dismissed for Failure to State a Claim upon Which Relief Can Be Granted

### A. Counts Two and Three Fail to State a Claim Upon Which Relief Can Be Granted

Counts Two alleges that Defendant Banks are liable to Plaintiff for breaching their duty to protect and refrain from taking or expropriating Plaintiff's property. (Amended Comp. ¶ 101). Plaintiff identifies the source of this duty as "U.S. laws, international law, treaties and *jus cogens.*" (Amended Comp. ¶ 103). Count Three also alleges that Defendant Banks expropriated Plaintiff's property. (Amended Comp. ¶ 109). In Count Three Plaintiff also identified the source of this duty as "U.S. laws, international law, treaties and *jus cogens.*" (Amended Comp. ¶ 109). This broad summary of the source of the alleged duty is clearly inadequate. Even if it were adequate, the Amended Complaint fails to state any facts that plausibly support the allegation that Defendant Banks took or expropriated Plaintiff's bonds. Rather, the Amended Complaint simply states the conclusion that the Defendant Banks took or expropriated Plaintiffs property.[7] These conclusory allegations do not contain "enough facts to state a claim to relief

---

[7] In Count Three Plaintiff alleges that the duty to protect Plaintiff from a taking was created by, among other things, treaties entered into by Defendant Banks. (Amended Comp. ¶ 108). This cannot possibly be true as banks do not enter into treaties with sovereign nations.

9

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1974; *See Ashcroft v. Iqbal*, 556 U.S. ___ (2009).

Counts Two and Three also fail because they attempt to characterize a breach of a contract to pay money as an "expropriation" or "taking" in violation of international law. A failure to pay money due under a contract is not an expropriation in violation of international law. *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 252 (2d Cir. 2000) ("Abu Dhabi's alleged refusal to pay ZMEC under the construction contracts no doubt supports a commercial breach of contract claim. However, breach of a commercial contract alone does not constitute a taking pursuant to international law."); *See also, French v. Banco Nacional De Cuba*, 23 N.Y.2d 46, 59-60 (1968) (a breach of contract by Cuba is not an expropriation under the expropriation exception to the Foreign Sovereign Immunities Act).

    **B.**     **Count Four Alleging a Violation of the New York General Business Law Must Be Dismissed as it Fails to Allege That the Plaintiff Was Deceived and Injured**

Count Four of the Complaint alleges violations of the New York General Business Law §§ 349 and 350. Section 349 prohibits false and deceptive acts and practices. Section 350 prohibits false advertising. The gist of this Count, as plead, is that Defendant Banks failed to inform "New Yorkers" of the potential liability they may have relating to the bonds at issue here in their **current** marketing of securities to the public in New York. Putting to one side the fact that the Amended Complaint contains no allegations whatsoever as to what securities Defendant Banks are currently marketing in New York that would require such a disclosure, this count is nonetheless fatally flawed and must be dismissed.

While the above-referenced sections of the New York General Business Law are generally enforced by the New York Attorney General, both sections contain a limited private

10

right of action. These private rights of action are set out in pertinent part:

> In addition to the right of action granted to the attorney general pursuant to this section, **any person who has been injured** by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

N.Y. Gen Bus §349 (h) (emphasis added).

> **Any person who has been injured** by reason of any violation of section three hundred fifty or three hundred fifty-a of this article may bring an action in his or her own name to enjoin such unlawful act or practice, an action to recover his or her actual damages or five hundred dollars, whichever is greater, or both such actions. The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages, up to ten thousand dollars, if the court finds that the defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing plaintiff.

N.Y. Gen. Bus. §350-e (3) (emphasis added).

As is readily apparent, both of these sections of the statute, by their explicit language, only permit a private right of action by a "person who has been injured." New York Courts have consistently held that, in order to make out a valid section 349 claim, a plaintiff must allege both a deceptive act or practice directed toward consumers and that such act or practice resulted in actual injury to the plaintiff. *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris USA Inc.,* 3 N.Y.3d 200, 205-206 (2004) (*citing, Small v Lorillard Tobacco Co., Inc.*, 94 N.Y.2d 43, 55-56, 720 N.E.2d 892, 698 N.Y.S.2d 615 (1999)); *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, N. A.*, (85 NY2d 20, 623 NYS2d 529, 647 NE2d 741 (1985) ("Plaintiffs claiming benefit of CLS Gen Bus § 349 must charge . . . that plaintiff has been injured by reason thereof."); *Butler v Caldwell & Cook, Inc.* 122 App Div 2d 559, 505 NYS2d 397 (4th Dept. 1986) (complaint properly dismissed under CLS Gen Bus §§ 349 and 350 where homeowners

11

failed to state facts showing that they relied to their detriment on deceptive practices).

In Count Four of the instant case, Plaintiff has not alleged that he has been injured as a result of the alleged violations, of §§ 349 and 350. Likewise, since he alleges that he is aware of these alleged violations, he could not claim detrimental reliance. The Court should dismiss Count Four since it fails to state a claim upon which relief can be granted because Plaintiff has failed to allege that he has been injured by the practices he complains about.

Even if New York law did not require that the Plaintiff have actually been injured, federal jurisprudence holds that Plaintiff has no standing to bring such a claim in federal court unless he has been injured. This basic proposition was succinctly stated by Judge Haight of this Court. "Article III of the Constitution requires those who seek to invoke the jurisdiction of the federal courts to allege an actual case or controversy" *citing, City of Los Angeles v. Lyons*, 461 U.S. 95, 101, 75 L. Ed. 2d 675, 103 S. Ct. 1660 (1983). Plaintiffs must show "a personal stake in the outcome of the controversy," *Baker v. Carr*, 369 U.S. 186, 204, 7 L. Ed. 2d 663, 82 S. Ct. 691 (1962), some personal "threatened or actual injury" resulting from the challenged action. *Linda R.S. v. Richard D.*, 410 U.S. 614, 617, 35 L. Ed. 2d 536, 93 S. Ct. 1146 (1973). The "injury or threat of injury must be both 'real and immediate, not 'conjectural' or 'hypothetical.'" *Lyons,* supra, 461 U.S. at 102; *Savastano v. Abrams*, 658 F. Supp. 414, 415-416 (S.D.N.Y. 1987). Count Four therefore also fails to allege a case or controversy that this Court may hear as Plaintiff's lack of injury deprives him of standing to bring Count Four.

    **C.**    **Count Five Alleging Fraud, Misrepresentation and Fraudulent Concealment Is Simply a Breach of Contract Claim Recast as a Fraud Claim and must Be Dismissed as it Fails to State a Claim for Which Relief Can Be Granted**.

Count Five of the Amended Complaint alleges that "Defendant Germany and Defendant German Banks" committed "fraud, misrepresentation and fraudulent concealment" and that as a

direct result thereof, "Plaintiff or Plaintiff's predecessors were unable to have their bonds redeemed and/or honored." (Amended Comp. ¶ 129). Count Five demands damages "in the full amount of all outstanding and unpaid principal and interest due on The Provincial Agra Bonds in equivalent value of gold coin of the United States existing on June 1, 1928 . . . ." Count Five is nothing more than a restatement of Plaintiff's contract claim as the tort of fraud and therefore fails to state a claim for which relief can be granted.

Count Five alleges that the Defendants knowingly made false statements and/or misrepresentations of fact related to The Provincial Agra Bonds and also that the Defendant Banks concealed documents and evidence that "Plaintiff and/or Plaintiff's Predecessors needed to validate their bonds." (Amended Comp. ¶ 127). Thus, Plaintiff is alleging that Defendants Banks used fraud and fraudulent concealment to carry out a breach of contract, namely not redeeming and honoring The Provincial Agra Bonds in the possession of "Plaintiff and/or Plaintiff's Predecessors."

A claim for fraud under New York law must allege that (1) the defendant made a material false representation or material omission of a material fact, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff justifiably relied upon the representation[8] and (4) the plaintiff suffered damages as a result of such reliance. *City of New York v. Smokes-Spirits.com, Inc.,* 541 F.3d 425, 454 (2d Cir. 2008). Where a fraud claim is based on an omission or concealment the defendant must be under a duty to disclose. *Ibid*.

---

[8] Plaintiff makes the factual allegation that the Bonds "have been in the custody, possession and/or control of Plaintiff Kupfer and/or his family since 1942" (Amended Comp. ¶ 65). This factual assertion contradicts his assertion in Count Five (at ¶ 126) that "Plaintiff and/or Plaintiff's Predecessors" relied on Defendants' statements that a Bonds were on a list of bonds stolen at the end of World War II. Also, under New York law, reliance must be reasonable and it would not be reasonable to rely on a statement that is flatly contradicted by information within the personal knowledge of the recipient of the statement.

Under New York law, "[a]s a general matter, a fraud claim may not be used as a means of restating what, in substance is a claim for breach of contract ." *Wall v. CSX Transp., Inc.*, 471 F.3d 410, 416 (2d Cir. 2006).   To bring an independent fraud claim along side a contract claim the plaintiff must "(i) demonstrate [that the defendant] has a legal duty separate from the duty to perform under the contract or (ii) demonstrate a fraudulent representation collateral or extraneous to the contract, or (iii) seek special damages that are caused by the misrepresentation  and unrecoverable as contract damages." *Int'l Design Concepts,LLC v. Saks, inc.*, 486 F. Supp. 2d 229, 237 (S.D.N.Y. 2007) (quoting *Bridgestone/Firestone, Inc. v. Recover Credit Services, Inc.*, 98 F.3d 13, 20 (2d Cir. 1996)) (internal quotation marks omitted).  The collateral or extraneous misrepresentation must have served as an inducement for the contract.  *Wall v. CSX Trans., Inc.*, 471 F.3d at 416.

In the instant case, Plaintiff has not alleged – and could not allege – that Defendants Banks had a legal duty to Plaintiff or his predecessors separate from a duty to perform under the contract, since the gravamen of Count Five of the Amended Complaint is that Defendants Banks did not honor or redeem The Provincial Agra Bonds.  He has not alleged a fraudulent representation or omission collateral or extraneous to the contract which served as an inducement to the contract (all of the supposed fraudulent statements and omissions alleged by Plaintiff occurred many decades after the Bonds were sold).   Finally, Plaintiff is not seeking any special damages for the alleged fraudulent statements or omissions that are unrecoverable as contract damages. As noted above, in Count Five the only damages demanded by Plaintiff are "the full amount fo all outstanding and unpaid principal and interest due on The Provincial Agra Bonds in equivalent value of gold coin of the United States existing on June 1, 1928 . . . ."

A recent decision by Judge Izarry of the Eastern District of New York in *Lichtenstein v.*

14

*Reassure America Life Ins. Co., et al*, 2009 U.S. Dist. Lexis 23656 (E.D. N.Y., decided March 26, 2009) serves to illustrate the deficiencies of Count Five under New York law.  In *Lichtenstein*, the plaintiff did not allege any misrepresentations prior to the time he purchased insurance polices, Rather, he alleged that, after he tried to collect on insurance policies he had purchased,  the defendants tried to deceive him, his physician and the consulting physicians into believing that he was not entitled to coverage.  *Ibid.* at *21-22.  Judge Izarry held that the fraud claim must be dismissed because, (1) aside from the insurance contracts, the defendants owed no duty to the plaintiff, (2) the dispute was over the contract terms and there was no claim of fraud in the inducement and (3) there was no showing of special damages separate from breach of contract damages. *Id.* At *26-27

Count Five is in substance nothing more than a recast breach of contract claim which 1) does not allege that any defendant has a legal duty separate from the duty to perform under the contract, 2)  does not allege a fraudulent representation or omission collateral or extraneous to the contract and 3) does not seek special damages that are caused by an alleged misrepresentation or omission and unrecoverable as contract damages .  Hence, Count Five fails must be dismissed under New York law for failure to state a claim for which relief can be granted.

### D.   Count Six Alleging Violations by Defendant Banks of the London Debt Accord must Be Dismissed Because the London Debt Accord Does Not Confer a Private Right of Action Against Defendant Banks

In Count Six, Plaintiff is bringing a declaratory judgment action and alleges that Defendant Banks[9] violated the provisions of the London Debt Accord treaty**.**  Plaintiff seeks in

---

[7] Plaintiff in Count Six alleges that Defendant Federal Republic of Germany also violated the LDA.  The Federal Republic of Germany has not been served as of the date of this motion to dismiss.  The arguments being made in support of the instant motion to dismiss Count Six only address why Count Six must be dismissed as to the Defendant Banks.

Count Six, among other things, a declaration that the Defendant Banks have violated the LDA. Count Six must be dismissed because the LDA does not create a privately enforceable right against the Defendant Banks for violations of the LDA.

Whether or not a treaty confers a right on an individual litigant that can be enforced in this Court by that litigant is for this Court to decide as a matter of treaty interpretation. *Mora v. State of New York*, 524 F.3d 183, 193 (2d Cir. 2008). Hence, this Court must decide whether the LDA confers rights directly on a private party which can be asserted by that private party in a private action or whether only the states signatory to the treaty can seek redress under the LDA. *Ibid*. In deciding whether the LDA confers a privately enforceable right on Plaintiff to sue Defendant Banks in this Court, this Court is to interpret the treaty so as to "give[] effect to the to the express intentions of the parties *as expressed in the words used by them in light of the surrounding circumstances*." *Ibid.*, 524 F.3d at 194 (*quoting* Lord McNair, *The Law of Treaties* 365 (1961) (emphasis in the original). A court interpreting a treaty begins with "the text of the treaty and the context in which the written words are used." *Ibid*. Courts also traditionally consider as an aid to a treaty's interpretation that treaty's negotiating and drafting history (*travaux preparatoires*). *Ibid.*, 524 F.3d at 207

There is a presumption that treaties do not create privately enforceable rights in the absence of clear and express language to the contrary. *Ibid.*, 524 F.3d at 201-03. This presumption applies even when the treaty appears to confer benefits on individuals. *Ibid.*, 524 F.3d at 201 ("International agreements, *even those directly benefitting private persons*, generally do not create rights private rights or provide for a cause of action in domestic courts . . . ." (emphasis in the original)). There is nothing in the express language of the LDA or the LDA's *travaux preparatoires* which Defendant Banks have been able to identify which could be

16

characterized as a clear and express statement that a privately enforceable right was being created by the LDA which would permit a bondholder to sue Defendant Banks for an alleged violation by Defendant Banks of the LDA.  In his Amended Complaint, which has detailed allegations regarding the LDA, nowhere does Plaintiff identify any clear and express language which is contrary to and overcomes the presumption that the LDA did not create any privately enforceable right which Plaintiff can use as the basis for bringing a private action against Defendant Banks for alleged violations by Defendant Banks of the LDA.

Since there is no clear and express language in the LDA which is contrary to and overcomes the presumption that the LDA did not create any privately enforceable right which Plaintiff can use to bring this action, this Court must dismiss Count Six for failure to state a claim for which relief can be granted.

## Conclusion

The Complaint should be dismissed for failure to state a claim upon which relief can be granted as all of Plaintiff's claims are time barred by the applicable New York statute of limitations.  Counts Two through Six also fail to state a claim for which relief can be granted and must be dismissed.  Such failures are fatal and the motion to dismiss should be granted.

Dated: June 4, 2009                                     Respectfully submitted,

                                                          s/ *Jeffrey Harris*
Jeffrey Harris, JH2121
Max Riederer von Paar
RUBIN, WINSTON, DIERCKS, HARRIS &
     COOKE, LLP
Sixth Floor, 1155 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 861-0870

Attorneys for Defendant Banks

17