Jeffrey Harris, JH 2121
Max Riederer von Paar
Rubin, Winston, Diercks, Harris & Cooke, LLP
1201 Connecticut Ave., N.W.
Suite 200
Washington, DC 20036
(202) 861-0870

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **Charles Kupfer** | : | |
| | : | |
|     **Plaintiff,** | : | |
| | : | **Case No.  07 CV 8589 (PAC)** |
|     v. | : | |
| | : | **(Electronically Filed)** |
| **The Federal Republic of Germany, et. al** | : | |
| | : | |
|     **Defendants.** | : | |

**DEFENDANT BANKS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION TO DISMISS THE AMENDED COMPLAINT
FOR FAILURE TO STATE A CLAIM
<u>UPON WHICH RELIEF CAN BE GRANTED</u>**

Norddeutsche Landesbank Girozentrale, HSH Nordbank AG, West LB AG, Landesbank Hessen-Thüringen Girozentrale (Helaba), and LBBW Landesbank Baden-Württemberg (hereinafter "Defendant Banks"), by counsel, Rubin, Winston, Diercks, Harris and Cooke, LLP, submit this reply memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted.

**I.   Plaintiff Has Failed to Oppose Defendant Banks' Motion to Dismiss Counts 2-6 and Those Counts Should Be Dismissed**

Defendant Banks moved to dismiss Counts 2-6 on the basis that each of those counts failed to state a upon for which relief can be granted.  (See Defendants' Memo pp. 9-17).  Since

Plaintiff has failed to oppose the relief sought in that portion of its motion to dismiss, no reply is necessary other than to say that Defendant Banks continue to rely on their opening memorandum and seek dismissal of Counts 2-6 since they fail to state a claim for which relief can be granted.

II. **Plaintiff's Only Opposition to Defendants Motion Seeking Dismissal of the Amended Complaint as Time-barred Only Addresses the Statute of Limitations for Count 1, Seeking Payment on the Bonds.**

Defendants' memorandum in support of it motion to dismiss the Amended Complaint as time-barred addresses why each of the counts is time-barred. Plaintiff fails to oppose the dismissal of Counts 2-6 as time-barred. Instead Plaintiff's opposition focuses only on the statute of limitations for Count 1, which is addressed *infra*. Hence, no reply is necessary as to this portion of Defendants' motion to dismiss other than to say that Defendant Banks continue to rely on their opening memorandum and seek dismissal of Counts 2-6 since they are time-barred as is evident on the face of the Amended Complaint.

III. **The Statute of Limitations for Count 1 Is Six Years and Not 20 Years as Plaintiff Argues and Is Therefore Time-barred Even Using Plaintiff's Argument That the Statute Began to Run in 1990.**

In their memorandum of law Defendant Banks argued that the statute of limitations applicable to Count 1 seeking to enforce a right to receive payment on the bond is six years under New York law. Defendant Banks also argued that the latest day Plaintiff's cause of action accrued is 1978 when he was informed that payment would not be forthcoming. Plaintiff in his opposition argues that a twenty-year statute of limitations applies under New York (which he concedes applies) and that his cause of action accrued in 1990. While Defendants disagree that his cause of action accrued in 1990, for purposes of this reply it is assumed that his cause of action accrued in 1990. However, even using an accrual date of 1990 Count 1 is time-barred

because a six-year statute of limitation applies to an enforcement action on Plaintiff's bonds.

Plaintiff claims that he should be paid on 28 of certain bonds that were issued in 1928 by a consortium of German state-owned banks to support agricultural development in Germany ("Agri-Bonds") and which are in his possession, and that his claim is not time barred because it is subject to a twenty year statue of limitations. Plaintiff, in his Opposition to Defendant Banks' Motion to Dismiss, agrees that New York law governs the case at hand.

The New York statute of limitations for bringing "an action upon a contractual obligation or liability" is six years. N.Y. C.P.L.R. § 213(2). State and federal courts have routinely applied CPLR § 213(2) to actions to recover on bond. *See, e.g., Town of Brookhaven v. MIC Prop. & Cas. Ins. Corp.*, 245 A.D.2d 365, 668 N.Y.S.2d 37, 38 (N.Y. App. Div. 1997); *Dar El-Bina Eng'g & Contr. Co. v. Republic of Iraq*, 79 F. Supp. 2d 374, 389 (S.D.N.Y. 2000); *Morris v. People's Republic of China*, 478 F. Supp. 2d 561, 571 (S.D.N.Y. 2007); *Schmidt v. Polish People's Republic,* 742 F.2d 67, 71 (2d Cir. 1984) (applying CPLR § 213 to claims on defaulted pre-World War II treasury notes issued by the Polish government).

However New York law does provide a twenty-year statute of limitations for enforcement of bond payments in only one limited circumstance, which does not apply here.

CPLR § 211(a) provides a twenty-year period of limitation to recover on certain bonds:

> "An action to recover principal or interest upon a written instrument evidencing an indebtedness of the state of New York or of any person, association or public or private corporation … **secured only by a pledge of the faith and credit of the issuer**, regardless of whether a sinking fund is or may be established for its redemption, must be commenced within twenty years after the cause of action accrues."

N.Y. Civ. Prac. L. & R. 211(a) (emphasis added).

By its terms, CPLR § 211(a) applies to written instruments that are "secured *only* by a

pledge of the faith and credit of the issuer" (emphasis added), and New York's highest court has made it clear that CPLR § 211 (a) applies only when bonds are backed *exclusively* by the issuer's full faith and credit. *Vigilant Ins. Co. v. Hous. Auth.,* 87 N.Y.2d 36, 41-42 (1995) (emphasis added).

In the instant case, however, Plaintiff has pled that the Agri-Bonds are secured by a long list of guarantors, including, but without limitation, the former German State of Prussia and its provinces. (Amended Comp. ¶ 50). Plaintiff's pleading make it clear that the bonds are not "secured *only* by a pledge of the faith and credit of the issuer," and, thus, CPLR § 211's twenty-year statute of limitations does not apply to the Agri-Bonds. *See Morris* 478 F. Supp. 2d at 571.[1] Because Plaintiff's claims arise out of the Defendant Banks' alleged default on bearer bonds, the six-year period specified in CPLR § 213(2) is the longest statute of limitations that could apply to his claims.

### Plaintiff's Claims Accrued More Than Six Years Ago

Plaintiff maintains in his opposition that the limitation period began to run in 1990 at the time of the German Unification. (The exact date of the German Unification was October 3rd, 1990.) In New York, two accrual dates apply to claims concerning an instrument that provides for periodic or coupon payments as well as payment in full at a stated maturity date. The Agri-Bonds call for periodic payment of interest and have a set maturity date of June 1, 1958.

---

[1] Plaintiff makes much of the fact the Defendant Bank's attorneys also defend the Federal Republic of Germany in a law suit over the payment on certain bonds issued in 1924 and 1930 in Florida (*World Holdings v. Federal Republic of Germany)* in which Defendant filed an answer stating that the applicable statute of limitations under New York law is 20 years. The bonds at issue in the Florida case are the so-called Dawes and Young bonds, which are very different from Plaintiff's Agri-Bonds in that the Dawes and Young Bonds are not secured by a long list of guarantors and are more likely to be subject to the limitation period set out in CPLR 211(a).

When a contract provides for the payment of money in installments the statute of limitations runs on each installment from the date it becomes due. *Vigilant*, 87 N.Y.2d at 45; *Phoenix Acquisition Corp. v. Campcore, Inc.*, 81 N.Y.2d 138, 141; *see also Breeden v. Erie Islands Resort & Marina, Inc.* (In Re Bennett Funding Group, Inc.), 2003 Bankr. LEXIS 41 (Bankr. N.D.N.Y. Jan. 2, 2003).

Thus, with regard to claims for unpaid periodic payments, the limitations period begins to run "on each installment from the date it becomes due." *Vigilant*, 87 N.Y.2d at 45, and the limitations period for the unpaid balance at maturity begins to run "on the day after maturity of the bonds." *Id*. at 43.

Here, all of the facts giving rise to Plaintiff's cause of action occurred decades before he filed his initial complaint. The Agri-Bonds on their face provide a maturity date of June 1, 1958, and interest payment was periodically due on coupons 6.5% per annum due on June 1 and December 1 of each year. (Plaintiff's Amended Complaint ¶47.) Plaintiff alleges that interest payments stopped in 1933. (Plaintiff's Amended Complaint ¶47.) Therefore, the cause of action for each missed interest payment accrued beginning in 1933, on the day after each interest payment was due, through the maturity date of June 1, 1958 upon which the unpaid balance of each bond became due. Absent tolling, the Plaintiff's claims for defaulted interest coupons would be time-barred six years after payment on each interest coupon could be demanded and his claim for payment of the unpaid balance of the bonds would be equally time barred after June 1 1964. See *Mundaca Inv. Corp. v. Rivizzigno*, 247 A.D.2d 904, 668 N.Y.S.2d 854, 855 (N.Y. App. Div. 1998) ("[A] cause of action accrues for the purpose of setting the statute in motion as soon as the creditor, by his own act, and in spite of the debtor, can make the demand payable."

(citations omitted).

Assuming *arguendo* that Plaintiff is correct that the statute of limitation was tolled since he was unable to bring an action against Defendant Banks until the German Unification in late 1990, Count 1 was nevertheless time-barred. by October 1996, more than 10 years before he filed the initial complaint.

The Amended Complaint makes it obvious on its face that Count 1(and all the other counts) are time-barred and therefore, the Amended Complaint should be dismissed. *Jones v. Bock*, 549 U.S. 199, 215 (2007).[2]

### Conclusion

The Complaint should be dismissed for failure to state a claim upon which relief can be granted as all of Plaintiff's claims are time barred by the applicable New York statute of limitations.  Counts Two through Six also fail to state a claim for which relief can be granted and must be dismissed.  Such failures are fatal and the motion to dismiss should be granted.


Dated: August 28, 2009                                 s/ *Jeffrey Harris*
                                                      Jeffrey Harris, JH2121
                                                      Max Riederer von Paar
                                                      RUBIN, WINSTON, DIERCKS,
                                                           HARRIS & COOKE, LLP
                                                      1201 Connecticut Ave., N.W.
                                                      Suite 200

---

[2]  Plaintiff claims throughout his Opposition to Defendant Banks' Motion to Dismiss, that he, Plaintiff, had met the validation requirements.  Defendant Banks' chose not to argue validation in their Motion to Dismiss since this argument requires further factual development and, hence, is not appropriate in a motion to dismiss. However, Defendants reserve this argument that Plaintiff's "attempts to validate" are legally insufficient and Defendants will raise this issue, if necessary, in an appropriate pleading which will demonstrate that Plaintiff did not, in fact, register his bonds and carry his burden of proof that the bonds are valid.

                        Washington, DC 20036
                        (202) 861-0870

                        Attorneys for Defendant Banks

<u>Certificate of Service</u>

     I, Jeffrey Harris, caused to be served on Plaintiff a copy of the foregoing reply this 28th day of August, 2009 by email and first-class U.S. Mail, postage prepaid as follows:

                Charles Kupfer   <u>ckupfer@optonline.net</u>

                    Charles Kupfer
                    66 Grove Street
                Valley Stream, NY 11580

                          <u>s/ *Jeffrey Harris*</u>